JAMES P. KEMP, ESQ.
Nevada Bar No. 6375
KEMP & KEMP
7435 W. Azure Dr., Suite 110
Las Vegas, Nevada 89130
(702) 258-1183/(702) 258-6983 fax
jp@kemp-attorneys.com
Attorney for Plaintiff TOMAS PEREZ

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
***

| | |
|---|---|
| TOMAS PEREZ, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| | ) Case No.: 3:19-cv-67 |
| BARRICK GOLDSTRIKE MINES INC., a Foreign Corporation, | ) |
| | ) **COMPLAINT** |
|     Defendant. | ) |
| | ) JURY TRIAL DEMANDED |

COMES NOW THE PLAINTIFF, by and through her counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

## I.   JURISDICTION AND VENUE

The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 in that it arises under the Constitution, laws, or treaties of the United States, specifically the Family and Medical Leave Act, 29 U.S.C. §2601 et seq., as amended (herein "FMLA") and has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over related state claims alleged herein.  Venue is proper in the unofficial Northern Division of the Court in that all of the material events complained of herein took place in Elko County, Nevada.

II.   **CLAIMS FOR RELIEF**

**Factual Allegations Common to all Claims**

1. The Plaintiff is a resident of Elko County Nevada and was at all relevant times mentioned herein, from approximately February 19, 2007 through approximately November 20, 2017 an employee at the Defendant's place of business, its minesite, approximately 27 miles north of Carlin, Nevada.  Plaintiff's job title was Underground Miner engaged in underground mining in Defendant's gold mining operation.  His last rate of pay was $32.98 per hour.

2. Defendant BARRICK GOLDSTRIKE MIINES INC. is a foreign corporation and was at all relevant times mentioned herein, authorized to conduct business in the State of Nevada.  It maintains a place of business in Elko County, Nevada.

3. Defendant is an employer under the definitions of "employer" under the FMLA.

4. The various violations of law which are alleged herein were committed intentionally and/or willfully by Defendant and with malice, fraud, or oppression.

5. Plaintiff was employed by Defendant at its mine site near Carlin, Nevada.  He was employed for more than 12 months and worked at least 1250 hours in the one year prior to his need for leave under the FMLA arose.

6. On or about November 20, 2017, the Defendant terminated Plaintiff's employment and discharged him.

7. On November 1, 2017, approximately three weeks prior to his termination, the Plaintiff suffered an industrial accident and injury for which she filed a workers' compensation claim, #002517-004751-WC-01, with Gallagher Bassett, Third-Party Administrator for XL Specialty Insurance Company.  Plaintiff suffered a chest wall contusion in the accident.  At about 5:00 a.m. that morning Plaintiff was driving a

2

vehicle underground when Plaintiff swerved to avoid a rock in the path and in doing so the vehicle accidentally struck the "rib"(side wall) of the mine causing Plaintiff's chest to hit the armrest in the vehicle. There was no significant damage to the vehicle or the wall and no one else was injured.

8. Plaintiff initially thought that he would be okay, but a short time later the pain became worse to the point that by 7:00 a.m. he felt the need to report the injury and went to the Defendant's onsite medical facility. From there Plaintiff was transported by the Defendant to Dr. Brent Black who diagnosed the Plaintiff with a chest wall contusion and advised him to be off of work for five days, from November 1, 2017 through November 6, 2017.

9. Plaintiff was provided documents to request leave under the FMLA and was on leave; however he was terminated from his employment on or about November 20, 2017 and therefore did not receive his entitled benefits under the FMLA.

10. The reason given for Plaintiff's termination was an alleged "failure to meet Standards of Conduct and job performance." The alleged underlying rationale was an allegation that Plaintiff had failed to report an incident, presumably his November 1, 2017 injury. However, this alleged reason for terminating Plaintiff's employment is false and pretextual.

11. Plaintiff was not restored to his job when his need for FMLA leave ceased, which was less than 12 weeks after the need arose.

12. It was clear to Plaintiff from Defendant's attitude that Defendant was motivated by animus toward the Plaintiff because he had suffered an injury and filed a workers' compensation claim.

13. Plaintiff performed at or above the level that her employer had a reasonable right to expect. Defendants had no genuine and legitimate reason to terminate the Plaintiff's employment and any allegedly non-retaliatory or non-discriminatory reason given by the Defendants is mere pretext for the true reasons of discrimination and/or retaliation as set forth herein.

### A. FIRST CLAIM: VIOLATION OF FMLA

14. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

15. Defendant operates in interstate commerce and, upon information and belief, have over 50 employees within a 75 mile radius of the location where Plaintiff was employed in Elko County, Nevada. Therefore, Defendants are a "covered employer," as defined at 29 U.S.C. § 2611(4), under the Family and Medical Leave Act 29 U.S.C. §§ 2611-2654 and subject to all provisions stated therein.

16. As a "covered employer" under the FMLA, Defendants are required to offer any "eligible employee," as defined at 29 U.S.C. § 2611(2), up to 12 weeks of leave for of absence "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

17. Plaintiff was an "eligible employee," entitled to the protections of the FMLA having worked for Defendant over 1250 hours during the preceding 12 months and having been employed for approximately ten years when his need for leave arose.

18. Plaintiff was qualified to obtain leave under the FMLA in that he had a serious health condition. Specifically, he had an injury that required him to be off work for more than three days.

4

19. Plaintiff provided Defendant notice of his need for leave or intermittent time off by the furnishing a doctor's note to Defendant, or Defendant's duly authorized agent(s), such that Defendant received sufficient notice to trigger its responsibility to provide leave under the FMLA.

20. By taking the adverse action of terminating Plaintiff on November 20, 2017, while he was seeking approval of FMLA leave, Defendant violated 29 U.S.C. § 2615(a)(1) by unlawfully interfering with, denying, or restraining Plaintiff's right to medical leave under the FMLA and his reinstatement rights under the Act. This would include interference with Plaintiff's future need for leave or intermittent leave under the FMLA.

21. By taking the adverse employment action of terminating Plaintiff's employment on November 20, 2017, the Defendant retaliated and discriminated against the Plaintiff because he requested leave under the FMLA to cover his own serious health condition that arose from his November 1, 2017 industrial injury.

22. Defendant's violations of the FMLA were willful and without justification.

23. Defendant's acts were done with malice and oppression and with Defendant's conscious disregard for the rights of Plaintiff and with a certainty of knowledge that Plaintiff would be injured by Defendants' acts in violation of the FMLA.

24. Defendant is liable to Plaintiff for violating his rights under the FMLA.

25. Plaintiff has been damaged in an amount to be proven at trial.

26. Plaintiff is entitled to all remedies available under the FMLA and hereby claims entitlement to all appropriate remedies pursuant to 29 U.S.C. § 2617 (a)(1)(A) and (B) including, but not limited to, the following: money damages for lost wages and benefits and any other actual money damages caused by Defendant's violation of the

FMLA; liquidated damages as provided for under the FMLA; interest as provided for under the FMLA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by the FMLA and/or front pay in lieu of employment or reinstatement.

27. Plaintiff is entitled to recover costs and reasonable attorney fees pursuant to 29 U.S.C. § 2617(a)(3) for having to incur costs and fees associated with the exercise of his legal rights and remedies through this action.

### B. SECOND CLAIM: RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY UNDER NEVADA LAW.

28. All other pertinent paragraphs set forth herein are incorporated here by reference as if fully set forth and re-alleged.

29. Plaintiff's employment was terminated by Defendants in retaliation for his being injured on the job and his filing of a Workers Compensation claim and, thus, exercising his legal rights under the Nevada Industrial Insurance Act.

30. Termination of Plaintiff's employment was in violation of strong public policy of the state of Nevada.

31. Plaintiff suffered mental anguish, embarrassment, shame, loss of reputation, and emotional distress as a direct and proximate result of Defendant's actions.

32. Plaintiff has suffered and will suffer lost wages and/or benefits as a direct and proximate result of the actions of the Defendant.

33. The actions of the Defendant were willful, malicious, fraudulent, or oppressive, and calculated to discourage Plaintiff and other of Defendant's employees from pursuing their rights under Nevada law. The Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

6

34. Plaintiff should be reinstated to his position with all wages, benefits, and seniority restored as though the unlawful and tortious termination had never occurred.

35. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

### III. DEMAND FOR JUDGMENT FOR RELIEF

The Plaintiff prays judgment against the Defendants, and each of them, as follows:

A. For all applicable remedies under the Family and Medical Leave Act including, but not limited to the following:

1. For lost wages and back pay;

2. For the lost value of employment benefits;

3. For liquidated damages under the Family and Medical Leave Act;

4. For Attorney fees;

5. For costs of suit;

6. For interest on items 1 and 2 above;

7. For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff;

8. For a trial by jury of all issues that may be tried to a jury;

9. For equitable and injunctive relief including an order of reinstatement to employment, or front pay in lieu of reinstatement as set forth herein;

10. For such other and further relief as the court may deem just and equitable.

B. Pre-judgment and Post-judgment interest on all applicable sums due.

C. For lost wages, general and compensatory damages, reinstatement to employment or front pay in lieu of reinstatement, and punitive damages for Plaintiff's claim of common law retaliatory discharge in violation of public policy.

D. For trial by jury on all issues that may be tried to by a jury.

E. For such other and further relief as the Court may deem just and proper.

DATED this 6th day of February, 2019

                /s/ James P. Kemp
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff